*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* W METCALF, Minor.

UNPUBLISHED
March 25, 2025
1:42 PM

No. 371743
Luce Circuit Court
Family Division
LC No. 24-006725-NA

Before: GADOLA, C.J., and CAMERON and ACKERMAN, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order removing his child, WM, a qualified Native American under the Indian Child Welfare Act (ICWA), 25 USC 1901 *et seq*., and the Michigan Indian Family Preservation Act (MIFPA), MCL 712B.1 *et seq*., from his care and custody. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of then-four-week-old WM's presentation to the hospital on two separate occasions because she stopped breathing while in respondent's care. WM was removed on an emergency basis and placed with her maternal grandmother. After doctors concluded WM's injuries were nonaccidental, petitioner, the Michigan Department of Health and Human Services (DHHS), filed a petition for WM's removal. After a preliminary hearing at which the trial court heard testimony from Children's Protective Services (CPS), one of the doctors who evaluated WM, and a qualified tribal expert, WM was placed in a nonrelative foster home. Shortly thereafter, DHHS withdrew the petition against WM's mother, and WM was returned to her care and custody. This appeal followed.

## II. STANDARDS OF REVIEW

This Court reviews a trial court's factual determinations for clear error. *In re LaFrance Minors*, 306 Mich App 713, 723; 858 NW2d 143 (2014). A finding is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *In re Williams*, 286 Mich App 253,

271; 779 NW2d 286 (2009) (quotation marks and citation omitted). "This Court reviews de novo issues of law, including the interpretation and application of ICWA and the Family Preservation Act [MIFPA]." *In re McCarrick/Lamoreaux*, 307 Mich App 436, 463-464; 861 NW2d 303 (2014).

We also review de novo issues of statutory interpretation. *In re COH, ERH, JRG, & KBH*, 495 Mich 184, 191; 848 NW2d 107 (2014).

> When interpreting statutes, our primary task is to discern and give effect to the intent of the Legislature. To accomplish that task, we begin by examining the language of the statute itself. If the language of the statute is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written. [*Id*. at 195 (quotation marks, alterations, and citations omitted).]

## III. ANALYSIS

On appeal, respondent argues DHHS failed to make active efforts under ICWA to avoid removing WM from his care. We disagree.

Under ICWA,

> Any party seeking to effect a foster care placement of . . . an Indian child under State law shall satisfy the court that active efforts have been made to provide remedial services and rehabilitative programs designed to prevent the breakup of the Indian family and that these efforts have proved unsuccessful. [25 USC § 1912(d).]

Similarly, the MIFPA states:

> (2) An Indian child may be removed from a parent or Indian custodian, placed into a foster care placement, or, for an Indian child already taken into protective custody, remain removed from a parent or Indian custodian pending further proceedings, only upon clear and convincing evidence that active efforts have been made to provide remedial services and rehabilitative programs designed to prevent the breakup of the Indian family, that the active efforts were unsuccessful, and that the continued custody of the Indian child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the Indian child. The active efforts must take into account the prevailing social and cultural conditions and way of life of the Indian child's tribe. The evidence must include the testimony of at least 1 qualified expert witness, who has knowledge of the child rearing practices of the Indian child's tribe, that the continued custody of the Indian child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the Indian child. [MCL 712B.15(2); see also MCR 3.967(D).]

The Bureau of Indian Affairs' Final Rule on ICWA clarifies that "[a]ctive efforts are to be tailored to the facts and circumstances of the case[.]" 25 CFR § 23.2.

On appeal, respondent does not challenge any specific DHHS actions as failing to meet the thresholds provided by MCL 712B.3(a). Instead, he generally argues that DHHS did not make sufficient active efforts because the investigation and resulting removal occurred too rapidly, emphasizing that most cases analyzing active efforts "relate[d] to termination of parental rights cases where a parent ha[d] been provided months, if not years, of efforts[,]" and alleging that "[t]he investigation itself is not a remedial service designed to prevent the breakup of an Indian family[,]" because "[a]ll cases have an investigation."

Respondent's claim that investigations do not constitute active efforts is overly broad, and, as applied to this case, meritless. DHHS's investigation in this case necessarily involved numerous factors under MCL 712B.3. Despite the short time frame, DHHS, during its investigation, among other things: (1) established verbal and written safety plans placing WM with her maternal grandmother; (2) interviewed WM's parents, grandparents, and the medical experts involved in her treatment; and (3) consulted with the family's tribe early on and continued to work with them throughout the investigation. While many cases involving this issue may involve much lengthier proceedings, respondent has failed to demonstrate that this factor, alone, rendered DHHS's efforts insufficient.[1] Outside of this general claim, respondent has not set forth any argument that DHHS failed to adhere to the specific, individual active-effort requirements listed in MCL 712B.3. Thus, respondent has abandoned any such claims on appeal. See *In re Rippy*, 330 Mich App 350, 362 n 5; 948 NW2d 131 (2019) (a party abandons an issue on appeal by failing to adequately brief its merits).

Aside from the general active-efforts challenge, respondent raises three additional arguments on appeal. First, he claims there was "no new evidence regarding the alleged injuries to [WM]" that warranted removal in the week between when she was placed with her maternal grandmother and when the petition was filed. The record belies this assertion. This case was initially assigned to a caseworker in Kent County, but was ultimately transferred to Luce County. The verbal safety plan was initially set up by the Kent County caseworker, and later adopted by the Luce County caseworker. But the Luce County caseworker testified this was before she had the opportunity to discuss the findings of the doctor who treated WM. After speaking to WM's doctor, and learning that he concluded WM's injuries were nonaccidental, the Luce County caseworker filed the petition. Thus, while it may be true that nothing "new" occurred during this time frame, the impetus for the Luce County caseworker in filing the petition was learning of the doctor's findings regarding WM's injuries, and respondent offers no argument as to why these findings did not warrant petitioning for removal.

Second, respondent argues "there was only a referral" to Early On and a parenting class, which provided "no practical ability for the parents to gain any benefit from [those] service[s] for the prevention of the breakup of the Indian Family[.]" Yet, respondent fails to mention that he declined to participate in those services. He also neglects to address the testimony at the

---

[1] As to whether DHHS failed to adhere to the specific, individual requirements listed in MCL 712B.3, respondent has not set forth any argument in this respect, and has therefore abandoned the issue on appeal. See *In re Rippy*, 330 Mich App 350, 362 n 5; 948 NW2d 131 (2019) (a party abandons an issue on appeal by failing to adequately brief its merits).

preliminary examination that, after thorough investigation, it was determined that there were no services available that could adequately protect WM. Indeed, the tribe's qualified expert testified she was unaware of any services outside of 24-7 in-home monitoring that could be instituted to prevent removal that would mitigate the risks WM faced in respondent's care. Respondent fails to provide any support for his argument, given these facts, that DHHS was required to provide additional services.

Finally, we note that, even to the extent active efforts may not have been properly made, respondent is still not entitled to relief. Under MCL 712B.19:

> If a court determines at a hearing that a petitioner in an Indian child custody proceeding has improperly removed the child from custody of the parent or Indian custodian or has improperly retained custody after a visit or other temporary relinquishment of custody, the court shall decline jurisdiction over the petition and immediately return the child to his or her parent or Indian custodian unless returning the child to his or her parent or Indian custodian would subject the child to a substantial and immediate danger or threat of danger.

Respondent argues on appeal that MCL 712B.19 does not apply because "[WM] was discharged from the hospital twice in the care of her parents," and thus, "[t]he danger was gone." The record clearly demonstrates otherwise. WM presented to the hospital twice in a short period of time with severe, nonaccidental injuries. Indeed, the second hospital visit occurred after she was sent home in her parents' care. The doctor who examined her testified that each visit was likely caused by a different traumatic event, and that the damage to WM's head posed a 10-30% risk of death and a two-thirds risk of long-term damage. Respondent has provided no evidence to combat these facts that would suggest WM would not remain at risk of harm if returned to his care.[2]

Affirmed.

/s/ Michael F. Gadola
/s/ Thomas C. Cameron
/s/ Matthew S. Ackerman

---

[2] We recognize there is a potential mootness issue in this case. "Generally speaking, a case becomes moot when an event occurs that makes it impossible for a reviewing court to grant relief, i.e., when the case presents only abstract questions of law which do not rest upon existing facts or rights." *In re Smith*, 324 Mich App 28, 41; 919 NW2d 427 (2018) (quotation marks and citation omitted). Because WM has been returned to her mother in her family home, DHHS is neither seeking to remove her from her parent, nor is it trying to have her remain removed from her parent. MCL 712B.15(2); *In re Detmer/Beaudry*, 321 Mich App 49, 62-64; 910 NW2d 318 (2017). However, because the parties did not raise or argue the merits of this issue on appeal, we decline to address it here.